**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| **PREMIER AGGREGATES, LLC** | ) | |
| | ) | **Case No. 09-10541** |
| | ) | |
| **Debtor** | ) | **Section "A"** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
THE CONFIRMATION OF THE THIRD AMENDED CHAPTER 11
PLAN OF LIQUIDATION FOR PREMIER AGGREGATES, LLC**

This matter came before the Court on the confirmation of the First Amended Chapter 11 Plan of Liquidation for Premier Aggregates, LLC, as Modified, Dated March 25, 2010 (P-504), this Court having considered the evidence presented and arguments made at the confirmation hearing (the "Confirmation Hearing") held on March 26, 2010, and this Court having considered the further modifications that have been made, as requested by this Court at the Confirmation Hearing, as set forth in the Third Amended Chapter 11 Plan of Liquidation for Premier Aggregates, LLC, as Modified, Dated March 26, 2010 (P-507) (the "Plan"), a copy of which is attached as Exhibit A to the Confirmation Order (the "Confirmation Order") that is separately filed and that accompanies these Findings of Fact and Conclusions of Law Regarding the Confirmation of the Third Amended Chapter 11 Plan of Liquidation of Premier Aggregates, LLC, as Modified, Dated March 26, 2010 (these "Findings and Conclusions"). The Court has taken judicial notice of the docket (the "Docket"), all pleadings and other documents filed in this bankruptcy case (the "Premier Case"), all orders entered herein, and evidence and arguments presented at hearings during the pendency of the Premier Case. After due deliberation, the Court

{N2130723.1}

hereby makes the following findings of fact and draws the following conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

I.   JURISDICTION AND VENUE

1.   Premier Aggregates, LLC (the "Debtor") is a Louisiana limited liability company, with its principal place of business located in Tangipahoa Parish, Louisiana. Accordingly, venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The Court has jurisdiction over this Premier Case, and to conduct the Confirmation Hearing, pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(b).

3.   This contested matter is a core proceeding under 28 U.S.C. § 157(b)(b)(B) & (L).

4.   R. Patrick Vance (the "Trustee") was appointed the Chapter 11 Trustee in the Premier Case by order of this Court entered on June 12, 2009 (P-173).

II.  NOTICE AND SOLICITATION OF THE PLAN

5.   On February 19, 2010, the Trustee filed the First Amended Disclosure Statement for the Chapter 11 Plan of Liquidation for Premier Aggregates, LLC (P-464).

6.   On February 19, 2010, the Court entered an Order Approving (I) the Confirmation Hearing Notice, the Manner of Mailing and Service of the Solicitation Package and Confirmation Notice, and Publication of the Confirmation Hearing Date, (II) the Voting Agent and the Procedures for Voting and Tabulation of Ballots, (III) the Forms of Ballots, and (IV) the Procedures for Allowing Claims for Voting Purposes (P-465) (the "Confirmation Procedures Order"). On March 8, 2010, the Court entered an Order Approving the Disclosure Statement (P-474) (the "Disclosure Statement Order").

7.   In accordance with Bankruptcy Rules 2002, 3018, 3019, 9007, 9008 and 9014, together with the Confirmation Procedures Order and Disclosure Statement Order, adequate

{N2130723.1}

notice of the time for filing objections to the confirmation of the Plan and the transactions contemplated thereby and adequate notice of the hearing to confirm the Plan (the "Confirmation Hearing") was provided to all holders of Claims[1] and Equity Interests[2] entitled to receive such notice under the Bankruptcy Code and the Bankruptcy Rules.  Certificate of Service with Respect to the First Amended Chapter 11 Plan of Liquidation for Premier Aggregates, LLC, Proposed by the Chapter 11 Trustee for Premier Aggregates, LLC (P-474).  No further notice of the Confirmation Hearing or the confirmation of the Plan is necessary or required.

8. The Trustee, as the plan proponent, has acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

## III. THE PLAN

### A. The Plan Complies with Section 1129 of the Bankruptcy Code

9. **Compliance with section 1129(a)(1) of the Bankruptcy Code**.  The Plan complies with the applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including but not limited each of the following non-exclusive matters.

---

[1] As used in these Findings and Conclusions and in the Plan, "Claim" has the same meaning set forth in section 101(5) of the Bankruptcy Code.

[2] As used in these Findings and Conclusions and in the Plan, "Equity Interests" collectively means a legal, equitable, or contractual Claim arising from ownership of, or membership interests in, the Debtor.

(a) *Compliance with section 1122 of the Bankruptcy Code.* The Plan adequately designates Classes of Claims and Equity Interests. Plan, at Article VI.

(b) *Compliance with section 1123(a)(1) of the Bankruptcy Code.* The Plan designates Classes of Claims and Equity Interests (other than the Claims of a kind specified in section 507(a)(1), 507(a)(2) or 507(a)(7) of the Bankruptcy Code) as required by section 1123(a)(1) of the Bankruptcy Code. Plan, at Section 4.1.

(c) *Compliance with section 1123(a)(2) and (a)(3) of the Bankruptcy Code.* The Plan specifies the Classes of Claims and Equity Interests that are impaired or not impaired under the Plan, as required by section 1123(a)(2) and (a)(3) of the Bankruptcy Code. Plan, at Sections 3.1 and 3.2.

(d) *Compliance with section 1123(a)(4) of the Bankruptcy Code.* The Plan provides for the same treatment for each Claim or Equity Interest in a particular Class, unless the holder of a particular Claim or Equity Interest agrees to a less favorable treatment. Plan, at Sections 5.1 through 5.6.

(e) *Compliance with section 1123(a)(5) of the Bankruptcy Code.* The Plan contains adequate means for implementation. Plan, at Sections 6.1 through 6.11.

(f) *Compliance with section 1123(a)(6) of the Bankruptcy Code.* The Plan provides that, as of the Effective Date, the Premier Operating Agreement[3] will be amended to prohibit the issuance of nonvoting equity securities to the extent required by section 1123(a) of the Bankruptcy Code. Plan, at Section 6.8.

---

[3] As used in these Findings and Conclusions and in the Plan, "Premier Operating Agreement" means that certain Operating Agreement of Premier Aggregates, LLC, effective as of October 18, 2007, which will be amended, as of the Effective Date, as provided in Section 6.8 of Plan and Plan Exhibit 6.8.

{N2130723.1}

10. **Compliance with section 1129(a)(2) of the Bankruptcy Code**. The Trustee, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Confirmation Procedures Order.

11. **Good faith and compliance with section 1129(a)(3) of the Bankruptcy Code**. Consistent with the requirements of section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by any means forbidden by law. No one has objected to the Plan on the basis that it was not proposed in good faith. All transactions contemplated by the Plan were negotiated and consummated at arm's-length, without collusion, and in good faith. In making the foregoing determinations, the Court has examined the totality of the circumstances surrounding the formulation of the Plan and the solicitation of the votes to accept or reject the Plan. Furthermore, the Plan represents extensive arms-length negotiations by and among the Trustee, Denise M. Bankston, Jack Singleton, Capitol Aggregates, LLC, and others, as well as their respective legal advisors, and reflects the best interests of the Debtor's Estate[4] and the best interests of the holders of Claims and Equity Interests.

12. **Payment for services or costs and expenses under section 1129(a)(4) of the Bankruptcy Code**. Any payment made or to be made for services or for costs and expenses incurred in, or in connection with, the Premier Case or the Plan has been approved by or is subject to the approval of the Court as reasonable, as required by section 1129(a)(4) of the Bankruptcy Code.

---

[4] As used in these Findings and Conclusions and in the Plan, the "<u>Debtor's Estate</u>" means the estate, as defined by section 541 of the Bankruptcy Code, of the Debtor in the Premier Case.

13. **Managers, members and insiders under section 1129(a)(5) of the Bankruptcy Code**. After the Effective Date,[5] and until the dissolution of Premier in accordance with the Plan, the Trustee shall continue to act on behalf of Premier, although the members and managers of Premier shall continue after the Effective Date to serve in hold such titles. Therefore, the Trustee has made the appropriate disclosures in compliance with section 1129(a)(5) of the Bankruptcy Code.

14. **Section 1129(a)(6) of the Bankruptcy Code is Immaterial**. The provisions of Section 1129(a)(6) with regard to approval of rates are not applicable to the Debtor.

15. **Best interests of creditors' test under section 1129(a)(7) of the Bankruptcy Code**. In accordance with section 1129(a)(7) of the Bankruptcy Code, each holder of a Claim or Equity Interest in an impaired Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code. No holder of a Claim or Equity Interest objected to the Plan on the basis that it violates the best interests of creditors' test under section 1129(a)(7) of the Bankruptcy Code.

16. **Acceptance of Classes under section 1129(a)(8) of the Bankruptcy Code**. Each Class of Claims or Equity Interests is not impaired or is impaired and has voted to accept the Plan, as reflected in the following summary of the ballots received:

---

[5] As used in these Findings and Conclusions and in the Plan, the "<u>Effective Date</u>" means the first Business Day after which the conditions specified in Article IX of the Plan have been satisfied.

{N2130723.1}

| CLASS | DESCRIPTION | VOTING STATUS | VOTE | Percent |
|---|---|---|---|---|
| Class 1 | Other Priority Claims | Not impaired | N/A | N/A |
| Class 2 | Community Trust Bank | Not impaired | N/A | N/A |
| Class 3 | Other Secured Claims | Impaired | Yes | 100% |
| Class 4 | Convenience Claims | Impaired | Yes | 100% |
| Class 5 | General Unsecured Claims | Impaired | Yes | 100% |
| Class 6 | Equity Interests | Impaired | Yes | 100% |

Declaration of R. Patrick Sharp, III, Certifying Vote and Tabulation of Ballots Regarding the Trustee's First Amended Chapter 11 Plan of Liquidation for Premier Aggregates, LLC (the "Ballot Tabulation") (P-501).

17. **Treatment of Administrative, Tax Claims and Other Priority Claims under section 1129(a)(9) of the Bankruptcy Code**. The treatment of Administrative Claims,[6] Priority Tax Claims,[7] and Other Priority Claims[8] complies with the provisions of section 1129(a)(9) of the Bankruptcy Code. Plan, at Sections 4.1, 4.2 and 5.1.

18. **Acceptance by Impaired Classes and compliance with section 1129(a)(10) of the Bankruptcy Code**. At least one impaired Class of Claims, determined without including the acceptance by any insiders holding Claims in such Class, has voted to accept the Plan.

---

[6] As used in these Findings and Conclusions and in the Plan, "Administrative Claim" means a Claim for costs and expenses of administration allowed under sections 503(b), 507(b) or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Debtor's Estate and operating the Debtor's business; (b) the Professional Fee Claims; (c) the U.S. Trustee Fees; (d) the Administrative Claims, if any, including the Claim of the Petitioning Creditors; and (e) the Cure Amount Claims.

[7] As used in these Findings and Conclusions and in the Plan, "Priority Tax Claim" means a Claim arising under United States federal, state or local Tax laws that is entitled to priority in payment pursuant to section 507(a)(8) of the Bankruptcy Code.

[8] As used in these Findings and Conclusions and in the Plan, "Other Priority Claim" means any Claim, other than an Administrative Claim or a Priority Tax Claim, that is entitled to priority in right of payment pursuant to section 507(a) of the Bankruptcy Code.

{N2130723.1}

Therefore, the requirements of section 1129(a)(10) of the Bankruptcy Code have been satisfied. Ballot Tabulation (P-501).

19.     **Feasibility and compliance with section 1129(a)(11) of the Bankruptcy Code**. The Disclosure Statement, the evidence at the Confirmation Hearing, and the other evidence proffered or adduced at the Confirmation Hearing with respect to feasibility satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

20.     **Payment of fees and compliance with section 1129(a)(12) of the Bankruptcy Code**.  In accordance with section 1129(a)(12) of the Bankruptcy Code, the Plan provides for payment on or before the Effective Date of all quarterly U.S. Trustee's Fees under 28 U.S.C. § 1930(a)(6).  Plan, at Sections 1.97 and 4.1(a)(ii).

21.     **No Retiree Benefits, making section 1129(a)(13) of the Bankruptcy Code immaterial.**  The provisions of Section 1129(a)(14), (a)(15) and (a)(16) are not applicable to the Debtor.

## B. The Plan Complies with Other Provisions of Section 1129

22.     **Principal purpose and compliance with section 1129(d) of the Bankruptcy Code**.  No party in interest, including any governmental unit or taxing authority, has requested the Court to deny confirmation of the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the applicable portions of section 5 of the Securities Act of 1933, and the primary purpose of the Plan is not such avoidance.  Therefore, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

23.     **No unfair discrimination; fair and equitable under section 1129(b) of the Bankruptcy Code**.  The Plan does not discriminate unfairly and is fair and equitable as to all holders of Claims against and Equity Interests.

{N2130723.1}

### C. Modifications to the Plan

24. All modifications made to the Plan after solicitation on the Plan had commenced as set forth on the record at the Confirmation Hearing or as reflected in the Plan (a) satisfy the requirements of section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, (b) are not material, and (c) do not adversely affect the treatment and rights of the holders of Claims or Equity Interests under the Plan who have not otherwise accepted such modifications. Accordingly, the Trustee has satisfied section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 with respect to the Plan, as modified; and the holders of Claims or Equity Interests that have accepted the Plan, as modified, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

New Orleans, Louisiana, this 29th day of March, 2010.

_____
Judge Elizabeth Magner

Submitted by:

*/s/ Elizabeth J. Futrell*
ELIZABETH J. FUTRELL (05863)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, LA 70170-5100
Phone: (504) 582-8000
Fax: (504) 582-8011

**Attorneys for R. Patrick Vance,
as the Chapter 11 Trustee
for Premier Aggregates, LLC**

{N2130723.1}

-9-